UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH D. DUNCAN,

       Plaintiff,                                    Case No. 13-cv-12303
                                                HON. BERNARD A. FRIEDMAN

vs.

BANK OF AMERICA, N.A.,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

**I.**     **Introduction and Facts**

Keith Duncan ("plaintiff") commenced this *pro se* diversity action against Bank of America, N.A. ("defendant") alleging several causes of action related to the wrongful foreclosure of his condominium. Plaintiff maintains that defendant breached the mortgage contract as well as the repayments terms of the parties' forbearance and loan modification agreements. He further asserts claims of promissory estoppel, invasion of privacy and tortious interference with a prospective business relationship. Before the Court is defendant's unopposed motion to dismiss the complaint [docket entry 3]. The Court will rule on defendant's motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

Plaintiff initially brought suit against defendant and various other financial institutions (the "prior defendants") in Wayne County Circuit Court on May 8, 2012 (the "prior action") [Case No. 12-12510 docket entry 1]. The prior defendants timely removed the case to the United

States District Court for the Eastern District of Michigan. Id.  The substantive allegations of the complaint were not denominated into any particular causes of action, but it appears that plaintiff sought to rescind the foreclosure of the same condominium at issue in the instant action. Construing these claims as accurately as possible, plaintiff asserted that the sheriff's sale was invalid because the prior defendants violated, among other things, the Uniform Commercial Code, the Real Estate Settlement Procedures Act and the Fair Debt Collections Practices Act. The Court referred the prior action to Magistrate Judge Mark A. Randon, who issued a report and recommendation (the "R&R") dated October 15, 2012 [Case No. 12-12510 docket entry 7]. The R&R recommended that the Court dismiss all of plaintiff's causes of action pursuant to Fed. R. Civ. P. 12(b)(6) because they failed to state a claim upon which relief could be granted.  The Court adopted the R&R by order dated November 1, 2012 and dismissed the matter without ever having received an objection from plaintiff [Case No. 12-12510 docket entries 9 and 10]. Approximately five months later, plaintiff commenced the instant action in Wayne County Circuit Court exclusively against defendant [docket entry 1], who properly removed the case to federal court.

In its unopposed motion to dismiss the complaint, defendant solely contends that plaintiff's most recent claims should be dismissed because they are barred by the doctrine of *res judicata*.

## II.     Standard of Review

The legal standard for a Rule 12(b)(6) motion to dismiss requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would

entitle it to relief." S.E.C. v. Delphi Corp., No. 06-14891, 2008 U.S. Dist. LEXIS 78671, at *5-6 (E.D. Mich. Oct. 8, 2008) *citing* Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).  Instead, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) *quoting* Iqbal, 556 U.S. at 678.  When evaluating the adequacy of the allegations contained in a complaint, the Court may consider "(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies." Meyer v. CitiMortgage, Inc., No. 11-13432, 2012 U.S. Dist. LEXIS 19548, at *6-7 (E.D. Mich. Feb. 16, 2012) *citing* Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

       The Court reviewed many of the docket filings from the prior action.  All of them are the proper subject of judicial notice. See Squires v. City of Detroit, No. 10-14194, 2011 U.S. Dist. LEXIS 57684, at *9 (E.D. Mich. May 10, 2011) *adopted by* 2011 U.S. Dist. LEXIS 57591 (E.D. Mich. May 31, 2011) *citing* St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

**III.**    **Analysis**

       Defendant correctly argues that the instant claims are barred on the ground of *res judicata*. "Res judicata, i.e., the preclusive effect of a judgment, encompasses two distinct

doctrines: claim preclusion and issue preclusion." <u>Gen. Elec. Med. Sys. Europe v. Prometheus Health</u>, 394 F. App'x 280, 283 (6th Cir. 2010). Of the two doctrines, claim preclusion more appropriately applies to the procedural posture of this case.

> "Claim preclusion . . . is the doctrine . . . by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim or cause of action previously adjudicated, <u>it also precludes litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated</u>. . ."

<u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 660-661 (6th Cir. 1990) (emphasis added); <u>see</u> <u>Stern v. Mascio</u>, 262 F.3d 600, 608 (6th Cir. 2001). Pursuant to Sixth Circuit precedent, a cause of action is barred by claim preclusion when there is:

> "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

<u>Rawe v. Liberty Mut. Fire Ins. Co.</u>, 462 F.3d 521, 528 (6th Cir. 2006) *quoting* <u>Kane v. Magna Mixer Co.</u>, 71 F.3d 555, 560 (6th Cir. 1995).

All four of the above elements have been satisfied. The prior action was adjudicated on the merits and involves the same parties that are litigating the current matter (absent the other financial institutions that appeared in the prior action). Additionally, the instant claims should have been litigated in the prior action because "both proceedings are based upon and arise out of the same facts." <u>Amadasu v. Christ Hosp.</u>, 514 F.3d 504, 507 (6th Cir. 2008). In this regard, plaintiff is seeking money damages associated with the wrongful foreclosure of the same property at issue in this case.

Ultimately, "the fact that [plaintiff] now asserts alternative theories of recovery and seeks

a different remedy does not allow [him] to avoid claim preclusion, when those other theories could have been asserted and remedies could have been sought in the earlier action." Hamilton v. State Farm Fire & Cas. Co., No. 96-4141, 1997 U.S. App. LEXIS 30065, at *6-7 (6th Cir. Oct. 23, 1997).

Accordingly,

IT IS ORDERED that defendant's motion to dismiss the complaint is granted.


Dated: June 28, 2013             S/ Bernard A. Friedman_____
       Detroit, Michigan         BERNARD A. FRIEDMAN
                                 SENIOR UNITED STATES DISTRICT JUDGE